[No. 10111.  Department One.  September 6, 1912.]

MOSES LAND SCRIP AND REALTY COMPANY, *Appellant*, v.
STACK-GIBBS LUMBER COMPANY, *Respondent*.[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence
will not be disturbed on appeal if sustained by the preponderance of
the testimony.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE. In an action tried
to the court, errors of law in the rejection or admission of evidence
are not prejudicial, where the result would not have been different.

PRINCIPAL AND AGENT—EVIDENCE—ADMISSIBILITY. Upon an issue
as to whether a person was the agent of the defendant corporation,
an admission in another case that he was the agent of one of the
defendant's officers is inadmissible; especially where the agency was
not in issue in such case.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered January 14, 1911, upon
findings in favor of the defendant, after a trial before the
court without a jury, in an action on contract. Affirmed.

*Peacock & Ludden*, for appellant.

*Reese H. Voorhees*, for respondent.

PER CURIAM.— Upon a former appeal from a judgment
of nonsuit we held that a *prima facie* case had been made out,
and reversed the order of the lower court with instructions
to put defendant to its proofs.  56 Wash. 529, 106 Pac. 207.
From a judgment in favor of the defendant, this appeal is
taken.

Reference to the former opinion will show that it was es-
sential to plaintiff's case that it prove that one A. A. D. Rahn
was the agent of the defendant. The record in this case
comprehends more than twelve hundred pages, nearly one
thousand pages of typewritten testimony. We have under-
taken to make ourselves familiar with the whole record, for

[1]Reported in 126 Pac. 103.

each side asserts the falsehood and perjury of the other and insists or implies that a careful scrutiny of the evidence will sustain its contentions.   The primary question involving only a question of fact, a review or critical analysis of a record of such volume would unnecessarily extend the limit of our opinion.   It is enough to say that, while we may agree with counsel for both parties that there has been an overstatement of the truth by the adverse party, it is due no doubt to the time elapsing between the matters testified to and the trial.   Yet, withal, a careful consideration of the evidence convinces us that the conclusions and judgment of the trial court are sustained by a preponderance of the evidence.

Errors of law in the rejection and admission of evidence are assigned as error, but our conclusion upon the main issue makes them immaterial.   Nor would our judgment be different had the ruling of the court been otherwise in the respect complained of.   One alleged error perhaps should be noticed.   Plaintiff sought to introduce the testimony of the admitted principal of Rahn, taken in another case, as a declaration against interest.   An examination of the deposition convinces us that it was properly rejected.   It only tends to show that one of the officers of the defendant had an interest in the subject-matter of Rahn's dealing in timber lands, and was wholly insufficient to prove that Rahn was the agent of the defendant; or, if it tended to do so, it would not bind defendant, for the question of agency does not appear to have been an issue in the other case.

Judgment affirmed.